IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | 4:01CR3125-1 |
| | ) | |
| V. | ) | |
| | ) | **MEMORANDUM** |
| DAVID TABOR, | ) | **AND ORDER** |
| | ) | |
| Defendant. | ) | |

    Given a total offense level of 36 and a criminal history category of I, and a resulting custodial range of 188 to 235 months, I previously sentenced Mr. Tabor to 200 months in prison. On December 5, 2008, we will resentence Mr. Tabor as required by the Supreme Court and the Court of Appeals. After much thought, I am considering a sentence of 144 months.

    In the past, I found that Mr. Tabor was responsible for one kilo of "crack." (Filing 158, at CM/ECF p. 5.) There appears to be no reason to change that finding. With one kilo as the starting point, the new base offense level is 34 under the amended and retroactive changes to the "crack" Guidelines. Tabor's criminal history category remains I. The new advisory custodial range is therefore 151 to 188 months in prison. Taking into consideration, among other things, Mr. Tabor's military service, his charitable works and the care he extended to his infirm mother, a low-end sentence appears to be appropriate.[1]

---

[1] I previously imposed a sentence on Tabor slightly above the low-end primarily, although not exclusively, to take into consideration sentences that I imposed on other parties who were involved with this case. Because of the retroactive amendment to the "crack" Guidelines, Tabor's low criminal history score and the fact that most of the others have received sentence reductions for cooperation, the original sentences that I imposed on those other parties are much less relevant to the development of an appropriate sentence for Mr. Tabor at this time.

However, the Sentencing Commission has said this new range is "neither a permanent nor a complete solution" to the problem of the questionable disparity in punishment that still exists in "crack" and powder cocaine cases given the statutory minimum sentences required by Congress. Therefore, some reduction from the low-end is probably warranted. How much is enough? Candor requires me to say, "I don't know." But, 144 months–two years above the statutory minimum–seems sufficient but not greater than necessary for a person like Mr. Tabor. That is, twelve years in prison is a long, but not draconian, sentence for a first offender who refused to admit that he was guilty of distributing a kilo of "crack," a drug that has devastated poor people and the communities in which they live.

My reluctance to go below 144 months is primarily founded upon the ten-year statutory minimum sentence that sets the sentencing floor, a requirement that I have no power to alter, and my desire to avoid unwarranted sentencing disparity for those who are otherwise just exactly like Mr. Tabor but who distribute significantly less "crack" cocaine.

For example, assume a person just like Tabor–who I will call Tabor Two–but who distributed 499 grams of "crack." That quantity would generate a level 32 under the new "crack" Guidelines. With a criminal history of I, the new Guidelines range for Tabor Two would be 121-151 months in prison. For Tabor Two, I could not go below 120 months because of the statutory minimum sentence that Congress has required. There needs to be a sufficient increase in punishment for Mr. Tabor–the kilo distributor of "crack"–as compared with Tabor Two, the 499 gram distributor of "crack." This is so because drug quantity is a reasonable, although not perfect, proxy for both culpability and harm.

In short, a sentence of 144 months for Mr. Tabor seems about right. I look forward to hearing the views of the lawyers and Mr. Tabor at sentencing.

It also occurs to me that the probation officer should prepare a revised presentence report and revised sentencing recommendation. I will order the officer to do so, and I will give the lawyers an opportunity to voice their objections. Accordingly,

IT IS ORDERED that:

1. Counsel are advised of my tentative thoughts that an appropriate prison sentence for Mr. Tabor is 144 months.

2. The probation officer shall prepare a revised presentence report and a revised sentencing recommendation and submit the same to the lawyers and to me on or before November 24, 2008. Any objections to the revised presentence report shall be filed no later than December 1, 2008. If objections are filed, they will be resolved at sentencing.

October 23, 2008.

BY THE COURT:

*S/Richard G. Kopf*
United States District Judge